THE WRIGHT COMPANY, INC., v. T. A. GREEN ET AL.

(Filed 17 October, 1928.)

**Account, Action on—Verification and Proof of Debt.**

In an action upon account by a mercantile corporation, the verification of the complaint containing an itemized statement of goods sold and delivered, made by the secretary of the corporation, raises a prima facie case under the provisions of C. S., 1789.

APPEAL by defendant, T. A. Green, from *Stack, J.,* at April Term, 1928, of NEW HANOVER. No error.

Action upon an account. The issue submitted to the jury was answered as follows:

"In what amount, if any, is the defendant, T. A. Green, indebted to the plaintiff? Answer: $283.79, with interest from 23 September, 1926."

From judgment on the verdict defendant appealed to the Supreme Court.

*Isaac C. Wright for plaintiff.*
*Bryan & Campbell and George L. Peschau for defendant:*

PER CURIAM. We find no error on this appeal. The verification attached to the statement of account offered in evidence by the plaintiff is signed by the secretary and assistant treasurer of plaintiff, a corporation. He swears that the statement of account is just and true, and that the account is for goods sold and delivered by plaintiff to defendant. It does not appear therein that the verification is made solely from the books of plaintiff, and without personal knowledge of affiant. The items of the account appear from separate invoices attached to the statement. The verified itemized statement of account was properly admitted as prima facie evidence tending to sustain the allegation in the complaint that plaintiff sold and delivered to defendant the goods described therein, and that there is now due plaintiff by defendant the sum demanded. C. S., 1789.

Assignments of error based upon exceptions to the exclusion of oral evidence offered by defendant, and to the instructions of the court in the charge to the jury cannot be sustained. The relation of defendants, T. A. Green and Ira W. Hewitt, under the written agreement between them, with respect to the operation of the Wilmington Hotel, as correctly construed by the court, was that of partners. The judgment is affirmed. There is

No error.